UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

EMMA HOSMER

                    Plaintiff,                      **COMPLAINT**

vs.                                         Civ. No.:_____

THE VALLEY CADILLAC CORP.

                    Defendant.

Plaintiff, EMMA HOSMER, by and through her attorneys, THE TARANTINO LAW FIRM, LLP, for her Complaint against Defendant, THE VALLEY CADILLAC CORP. ("VALLEY CADILLAC") alleges as follows:

1.      Plaintiff brings this action pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000(e), et seq., as amended by the Civil Rights Act of 1991, ("Title VII"); the New York Human Rights Law, ("NYHRL"), Executive Law §290 *et seq.*, for damages arising from discrimination and retaliation based on sex and the discriminatory terms and conditions of employment imposed by Defendant, VALLEY CADILLAC.  This Court has jurisdiction pursuant to 42 U.S.C. §1981, Title VII, and this Court's power to assert ancillary and pendent jurisdiction of state law claims based on NYHRL.

2.      The venue of this action is properly placed in the Western District of New York pursuant to §706(f)(3) of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e-5(f)(3) and 28 U.S.C. §1391.  Plaintiff resides in this district.  Defendant is doing business in this district, and a substantial part of the events giving rise to Plaintiff's claim occurred in this district.

1

**PARTIES**

3.      Plaintiff is a citizen of the United States of America, and resides in the County of Monroe, and State of New York.

4.      At all relevant times, Plaintiff was an employee as defined in 42 U.S.C. §2000(e) (f), 29 U.S.C.A. §203 and New York State Human Rights Law, Executive Law § 290 *et seq.*

5.      Upon information and belief, Defendant, VALLEY CADILLAC, is a domestic business corporation incorporated under the laws of the State of New York.

6.      At all relevant times, Defendant, VALLEY CADILLAC, was and still is an employer as defined in 42 U.S.C. § 2000(e) (b), 29 U.S.C.A. § 203, and the New York State Human Rights Law, Executive Law § 290 *et seq.*

**CONDITIONS PRECEDENT TO ACTION**

7.      On June 14, 2018, Plaintiff filed a Charge of Discrimination with the U.S. Equal Employment Opportunity Commission ("EEOC") alleging discrimination based on race and retaliation.  The Charge was cross-filed with the New York State Division of Human Rights ("NYSDHR").

8.      On September 12, 2018, the EEOC issued a Notice of Right to Sue.  A copy is attached as **Exhibit A**.

9.      Plaintiff has filed this action within 90 days of the receipt of the notification of the Right to Sue from the EEOC.

**STATEMENT OF THE CASE**

10.      Plaintiff was working for VALLEY CADILLAC from August 22, 2016 until her termination on August 29, 2017.

11.     The terms and conditions of Plaintiff's employment were degraded on the basis of her sex and pregnancy-related condition.

12.     Specifically, on March 28, 2017, Plaintiff was hospitalized and taken out of work by her doctor for four days. Plaintiff reported her complications to Defendant. She returned to work on April 3, 2017.

13.     The complications did not impact Plaintiff's ability to perform the essential functions of the job.

14.     On April 12, 2017, Plaintiff missed an additional day of work due to the same pregnancy-related complications. She reported these complications to Defendant.

15.     On April 13, 2017, upon Plaintiff's return to work, she received a retaliatory write up for "poor job performance" and "absenteeism."

16.     Plaintiff was specifically told at the time of her write-up that she was being written up for being absent due to her hospitalization. She was also told by Defendant's employee, Mr. Edward Meagher that she "look[s] like shit since [she] had become pregnant." During this meeting, Defendant made no mention of Plaintiff's alleged "poor job performance."

17.     Defendant later clarified that Plaintiff's alleged "poor job performance" was for "poor personal hygiene," during the week of her hospitalization for pregnancy related complications.

18.     Plaintiff objected to signing the write-up as she felt it was discriminatory and false, however; when she objected she was told that a failure to sign the write-up would result in her termination.

19.     On April 25, 2017, Defendant's employee, Melissa Hayslip, was asked by supervisor Mr. Merrick whether Plaintiff's pregnancy was causing Ms. Hayslip added stress.

Additionally Mr. Merrick asked Ms. Hayslip whether her absence on April 24, 2017, was a result of the stress she was under due to additional work she may have as a result of Plaintiff's pregnancy.

20.     Following April 13, 2017, Plaintiff received no further write-up's and missed no further days of work.

21.     On August 29, 2017, when Plaintiff was seven-months pregnant, she was terminated.

22.     At the time of Plaintiff's termination there was no reason provided to her for her termination. In fact, when Plaintiff asked the reason why she was being terminated, she was told by Defendant, "I don't have one." Defendant has since purported that the reason for Plaintiff's termination was "poor job performance throughout her employment."

23.     Defendant's reason for terminating Plaintiff is pretextual.

24.     Due to the extremely close temporal proximity to Plaintiff informing VALLEY CADILLAC of her pregnancy-related complications and VALLEY CADILLAC's decision to write Plaintiff up, it can be easily inferred that Plaintiff's write up was due to her pregnancy.

25.     Further, the fact that Defendant is relying upon alleged "poor performance" which was alleged to have occurred 4 months prior, it can be easily inferred that Plaintiff's termination was due to her pregnancy.

26.     Moreover, Plaintiff asked to review her employee file upon her termination. Contained within her employee file was an unsigned write-up dated August 2, 2017, which Plaintiff was never made aware of. This mock write-up further evidences that Defendant's reason for terminating Plaintiff is pretextual.

27.     Finally, the comments described in Paragraphs 16 and 19 of this complaint further evidence Defendant's discriminatory intent.

4

## AS AND FOR A FIRST CAUSE OF ACTION

28.     Plaintiff repeats and realleges each and every allegation contained in paragraphs "1" through "27" as though fully set forth herein.

29.     Throughout her time as an employee of Defendant VALLEY CADILLAC, Plaintiff was subjected to different terms and conditions of employment due to her sex and pregnancy related condition.

30.     Plaintiff has been subjected to sexual discrimination by Defendant, its agents, servants, and/or employees.

31.     The effect of the policies and practices pursued by the Defendant as alleged above limited, classified, and discriminated against the Plaintiff in ways which resulted in the loss of her job and deprived her of employment opportunities and otherwise adversely affected her status as an employee because of her sex in violation of 42 U.S.C. § 2000e *et seq.*

32.     Defendant knew or in the exercise of reasonable diligence should have known of the wrongful and unlawful actions, conduct, and omissions of its agents, servants, and/or employees and took no remedial action.

33.     As a result of Defendant's actions, conduct, and omissions, including but not limited to those described above, Defendant discriminated against Plaintiff with respect to her compensation, terms, conditions, and privileges of employment constituting unlawful sex discrimination in violation of § 703(a) of Title VII of the Civil Rights Acts of 1964, as amended, 42 U.S.C. § 2000e-2(a), thereby entitling Plaintiff to relief under the provisions of § 706 of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e-5.

34.     Defendant's wrongful acts, conduct, and omissions were intentional and wanton and done with malice and/or a reckless indifference to Plaintiff's rights and feelings in violation

of § 102(a) of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.  As a result of Defendant's actions, conduct, and omissions, including but not limited to those described above, Plaintiff incurred damages, including but not limited to lost back and future wages, and employee benefits, lost employment opportunities, mental anguish, emotional distress, and embarrassment.  Plaintiff is thereby entitled to an award of compensatory, punitive, and/or exemplary damages.

35.     As a direct and proximate result of Defendant's wrongful acts, conduct, and omissions, including but not limited to those described above, Plaintiff has been damaged in the amount of $1,500,000.

36.     Plaintiff has no plain, adequate, or complete remedy at law to correct Defendant's employment practices.  The injunctive and other relief she seeks is her only means of securing full relief from those practices.  Plaintiff is now suffering and will continue to suffer irreparable injury from these unlawful employment practices.

37.     Pursuant to § 706(k), 42 U.S.C. § 2000 e-5(k) of Title VII of the Civil Rights Act of 1964, as amended, Plaintiff is entitled to reasonable costs and attorneys' fees.

38.     Pursuant to § 102(c) of the Civil Rights Act of 1991, 42 U.S.C. § 1981a(c), Plaintiff demands a jury trial as to all issues so triable.

## AS AND FOR A SECOND CAUSE OF ACTION

39.     Plaintiff repeats and realleges each and every allegation contained in paragraphs "1" through "38" as though fully set forth herein.

40.     Plaintiff invokes the jurisdiction of this Court pursuant to 28 U.S.C. §1367(a).

41.     Defendant, its agents, servants, and/or employees treated Plaintiff adversely because of her sex and engaged in a knowing, intentional, willful, and voluntary course of wrongful

discriminatory conduct in violation of the Human Rights Law of the State of New York, Executive Law § 290 *et seq.*

42.     Defendant discriminated against Plaintiff with respect to compensation, terms, conditions, and privileges of employment because of her sex in violation of the Human Rights Law of the State of New York, Executive Law § 290 *et seq.*

43.     Defendant's wrongful acts, conduct, and omissions, including but not limited to those described above, were willful and wanton and done with a reckless disregard of Plaintiff's rights under the Human Rights Law of the State of New York.

44.     As a result of Defendant's actions, conduct, and omissions, including but not limited to those described above, Plaintiff incurred damages, including but not limited to lost back and future wages and employee benefits, lost employment opportunities, mental anguish, severe emotional distress, and embarrassment.

45.     As a result of Defendant's wrongful acts, conduct, and omissions, including but not limited to those described above, Plaintiff has been damaged in the amount of $1,500,000.

46.     Plaintiff has no plain, adequate, or complete remedy at law to correct Defendant's employment practices.  The injunctive and other relief she seeks is her only means of securing full relief from those practices.  Plaintiff is now suffering and will continue to suffer irreparable injury from these unlawful employment practices.

47.     Plaintiff demands a jury trial as to all issues so triable.

## AS AND FOR A THIRD CAUSE OF ACTION

48.     Plaintiff repeats and realleges each and every allegation contained in paragraphs "1" through "47" as though fully set forth herein.

49.     Defendant treated Plaintiff adversely because she complained of and opposed

unlawful discriminatory practices by Defendant.

50.     As a result of Defendant's actions, conduct, and omissions, including but not limited to those described above, Defendant has discriminated against Plaintiff with respect to her compensation, terms, conditions, and privileges of employment and in retaliation for complaining and opposing unlawful discriminatory practices by Defendant in violation of § 707 of Title VII of the Civil Rights Act of 1964, as amended 42 U.S.C. 2000e-(3), thereby entitling Plaintiff to relief under the provisions of § 706 of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e-5.

51.     Defendant's wrongful acts, conduct, and omissions were intentional and wanton and done with malice and/or a reckless indifference to Plaintiff's rights and feelings in violation of §102(a) of the Civil Rights Act of 1991, 42 U.S.C. §1981a.  As a result of Defendant's actions, conduct, and omissions, including but not limited to those described above, Plaintiff incurred damages, including but not limited to lost back and future wages, and employee benefits, lost employment opportunities, mental anguish, emotional distress, and embarrassment.  Plaintiff is thereby entitled to an award of compensatory, punitive, and/or exemplary damages.

52.     As a direct and proximate result of the Defendant's wrongful acts, conduct, and omissions, including but not limited to those described above, Plaintiff has been damaged in the amount of $1,500,000.

53.     Plaintiff is now suffering and will continue to suffer irreparable injury from these unlawful employment practices.

54.     Pursuant to § 706(k), 42 U.S.C. §2000 e-5(k) of Title VII of the Civil Rights Act of 1964, as amended, Plaintiff is entitled to reasonable costs and attorneys' fees.

55.     Pursuant to § 102(c) of the Civil Rights Act of 1991, 42 U.S.C. §1981a(c), Plaintiff

demands a jury trial as to all issues so triable.

## AS AND FOR A FOURTH CAUSE OF ACTION

56.     Plaintiff repeats and realleges each and every allegation contained in paragraphs "1" through "55" as though fully set forth herein.

57.     Plaintiff invokes the jurisdiction of this Court pursuant to 28 U.S.C. §1367(a).

58.     During the course of Plaintiff's employment, Defendant, its agents, servants, and/or employees treated Plaintiff adversely because of her sex and in retaliation for her complaints and opposition to unlawful discriminatory conduct and engaged in a knowing, intentional, willful, and voluntary course of wrongful discriminatory conduct in violation of the Human Rights Law of the State of New York, Executive Law § 290 et seq.

59.     Defendant discriminated against Plaintiff with respect to compensation, terms, conditions, and privileges of employment and because of her sex and in retaliation for her complaints and opposition to unlawful discriminatory conduct and in violation of the Human Rights Law of the State of New York, Executive Law §290 et seq.

60.     Defendant's wrongful acts, conduct, and omissions, including but not limited to those described above, were willful and wanton and done with a reckless disregard of Plaintiff's rights under the Human Rights Law of the State of New York.

61.     As a result of Defendant's actions, conduct, and omissions, including but not limited to those described above, Plaintiff incurred damages, including but not limited to lost back and future wages and employee benefits, lost employment opportunities, mental anguish, embarrassment, and emotional distress.

62.     As a result of Defendant's wrongful acts, conduct, and omissions, including but not

limited to those described above, Plaintiff has been damaged in the amount of $1,500,000.

63.    Plaintiff is now suffering and will continue to suffer irreparable injury from these unlawful employment practices.

64.    Plaintiff demands a jury trial as to all issues so triable.

**WHEREFORE,** Plaintiff prays to this Court for the following:

For the First and Third Causes of Action, Plaintiff demands judgment against Defendant VALLEY CADILLAC as follows:

a.    For recovery of $1,500,000 against Defendant as actual damages for loss of revenue, including back pay, front pay, reimbursement for lost pension, loss of future pension, social security, and other past and future benefits, mental anguish, emotional distress, and embarrassment in an equal amount as liquidated damages, and compensatory damages and for punitive damages together with interest as a result of Defendant's discrimination against Plaintiff;

b.    For the recovery of costs and counsel fees as provided by statute;

c.    For trial by jury on all triable issues; and

d.    For such other and further relief as the Court may deem just, fit, and proper.

**WHEREFORE,** Plaintiff prays to this Court for the following:

For the Second and Fourth Causes of Action, Plaintiff demands judgment against Defendant VALLEY CADILLAC as follows:

a.    For recovery of $1,500,000 against Defendant as actual damages for loss of revenue, including back pay, front pay, reimbursement for lost pension, loss of future pension, social security, and other past and future benefits, mental anguish, emotional distress, and embarrassment in an equal amount as liquidated damages, and compensatory damages together with interest as a result of Defendant's discrimination against Plaintiff;

b.     For the recovery of costs and counsel fees as provided by statute;

c.     For trial by jury on all triable issues; and

d.     For such other and further relief as the Court may deem just, fit, and proper.


Dated:  Buffalo, New York
November 29, 2018


Respectfully submitted,

*/s/Justina L. Potenzo*
Justina L. Potenzo, Esq.
The Tarantino Law Firm, LLP
Attorneys for Plaintiff, *Heather Williams*
1500 Rand Building, 14 Lafayette Square
Buffalo, New York 14203
(716) 849-6500
jpotenzo@tarantinolaw.com